UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHIE ACCIME, | Case No. 3:25-cv-00701-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| CARES CAMPUS, *et al.*, | |
| Defendants. | |

Pro se Plaintiff Richie Accime filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1) and sues Defendants Cares Campus, Kelly "night supervisor," Breanna, and Allied Security Night Supervisor for alleged discrimination and violations of his federally protected rights. (ECF No. 1-1 ("Complaint").) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 3), recommending that the Court grant the IFP application (ECF No. 1), dismiss the Complaint with prejudice, and close this case. (ECF No. 3 at 5.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court adopts the R&R in full.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Baldwin first recommends the Court grant the IFP application (ECF No. 1) because Accime is unable to make an initial installment payment towards the full filing fee under 28 U.S.C. § 1915. (ECF No. 3 at 1-2.)

///

1   Judge Baldwin then screens Accime's Complaint. (*Id.* at 2-3.) In raising allegations of discrimination and "deprivation of rights" under 18 U.S.C. § 241, Accime asserts that Defendants violated his federally protected rights based on the following:

> While he was "in the lobby of the main building," he "had a right to consume bottled drinks," and without warning "and immediately" he was given a "sit [indecipherable]." (ECF No. 1-1 at 4.)

Judge Baldwin recommends dismissal of the Complaint (ECF No. 1-1) with prejudice because it is vague and fails to state a legal claim upon which relief can be granted.[1] (ECF No. 3 at 4.) Even construing Accime's allegations liberally, his conclusory statements do not give rise to any federal constitutional or statutory right. (*Id.*)

The Court agrees that, even construing these allegations together and liberally, the Complaint is largely incomprehensible, making it impossible for the Court to identify the factual or legal basis of Accime's claims. It is unclear precisely what harm occurred, how that harm connects to a cause of action, how each alleged defendant was involved, and how relief may be granted on Accime's claims. Moreover, to the extent Accime is attempting to assert a claim against Defendants for a "deprivation of rights" under 18 U.S.C. § 241, the Court agrees that such a claim is not cognizable because § 241 is a federal criminal statute without a private right of action.

Judge Baldwin is therefore correct in her determination that Accime fails to state a claim upon which relief may be granted, so this action must be dismissed with prejudice. Leave to amend is inappropriate here because the issues identified by the Court cannot be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Accordingly, having reviewed the R&R, Judge Baldwin did not clearly err.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 3) is accepted and adopted in full.

---

[1] A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1 It is further ordered that Accime's application to proceed IFP (ECF No. 1) is granted.

It is further othered that the Clerk of Court file the Complaint (ECF No. 1-1).

It is further ordered that Accime's Complaint (ECF No. 1-1) is dismissed with prejudice.

The Clerk of Court is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 5th Day of January 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE